1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| CHRISTOPHER COOPER, et al., | CASE NO. C14-1977JLR |
|---|---|
| Plaintiffs, | ORDER DENYING SECOND MOTION FOR A TEMPORARY RESTRAINING ORDER |
| v. | |
| WELLS FARGO FINANCIAL WASHINGTON 1, INC., et al., | |
| Defendants. | |

This matter comes before the court on pro se Plaintiffs Christopher and Patricia Cooper's ("the Coopers") second motion for a temporary restraining order (Dkt. # 4). With this motion, the Coopers seek to prevent the non-judicial sale of their property on January 23, 2015. (*See id.* at 2.) The court has reviewed the motion, the documents submitted with the motion, the complaint, and the governing law. Being fully advised, the court DENIES the Coopers' motion for a temporary restraining order.

ORDER- 1

## I.  BACKGROUND

On January 1, 2015, the Coopers filed this suit against Defendants Wells Fargo Financial Washington 1, Inc. ("WFF"), Wells Fargo Bank ("WFB"), Northwest Trustee Services of Washington ("NWTS"), and Does 1-10. (*See* Compl. (Dkt. # 1).) The complaint contains few specific facts; however, it appears that the bulk of the Coopers' grievances stems from the sale of the note and deed of trust underlying their home loan. (*See, e.g.*, *id.* ¶¶ 22-34.) In particular, the complaint focuses on two allegations: (1) that the note and deed of trust have been separated and transferred; and (2) that no assignment of the deed of trust was recorded in King County. (*See, e.g.*, *id.* ¶¶ 29, 36, 39, 43, 45, 50.) The Coopers claim that these actions and omissions violate the law as well as the terms of the deed of trust and render the deed of trust unenforceable. (*See, e.g.*, *id.* ¶¶ 29-30, 36-80.) The complaint asserts causes of action for breach of contract, quiet title, negligence per se, accounting, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, wrongful foreclosure, and violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605. (*See id.* ¶¶ 81-92, 94-105, 110-29, 138-84.) In addition, the complaint requests an injunction to prevent the sale of the Coopers' property. (*See id.* ¶¶ 130-37.)

Although the Coopers' complaint does not specifically request emergency relief, the court liberally construed the complaint's request for an injunction as a motion for a temporary restraining order. (*See* 1/9/15 Ord. (Dkt. # 3).) In an order dated January 9, 2015, the court denied that first motion for a temporary restraining order. (*See id.* at 3-6.) The basis for denial was the Coopers' failure to comply with the procedural requirements

of the Washington Deed of Trust Act ("DTA"), RCW ch. 61.24, and the lack of any factual basis or documentation to support the Coopers' claims. (*See id.*) On January 20, 2015, the Coopers filed this second motion for a temporary restraining order. (*See* Mot.)

The instant motion relies on the same arguments as the first motion—that is, it relies on the allegations of the complaint. Here, however, the Coopers provide copies of some of the documents underlying their claims and represent that they have complied with the procedural requirements of the DTA by giving NWTS five-days notice of the motion and depositing with the clerk of the court the sums required by RCW 61.24.130(1). (*See id.* at 6, Exs. 1-4; *see also* 1/9/15 Ord. at 3-4.)

## II.    DISCUSSION

As discussed in the court's previous order, a plaintiff seeking a temporary restraining order in federal court must meet the standards for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Accordingly, the plaintiff must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In addition, a "preliminary injunction is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided the plaintiff also demonstrates that irreparable harm is likely and that the injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

Non-judicial foreclosures in Washington are governed by the DTA.  *Cox v. Helenius*, 693 P.2d 683, 685 (Wash. 1985); *see also Vawter v. Quality Loan Serv. Corp. of Wash.*, 707 F. Supp. 2d 1115, 1121-22 (W.D. Wash. 2010) (explaining the operation of the DTA).  The procedure set forth in RCW 61.24.130 for restraining a trustee's sale initiated pursuant to the DTA is "the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure."  *Cox*, 693 P.2d at 686.  Under RCW 61.24.130(1), a court must "require as a condition of granting the restraining order or injunction that the applicant pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed."

The court does not question that the Coopers are likely to suffer irreparable harm in the absence of a temporary restraining order, as they are at risk of losing their home in a January 23, 2015, trustee's sale.  (*See* Mot. at 2, 4-6.)  Nevertheless, the court cannot find serious questions, let alone a likelihood of success, on the merits of the Coopers' claims as required to support a temporary restraining order.  *See Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies*, 632 F.3d at 1134-35.  The Coopers represent that they have deposited with the clerk of the court the sums required under RCW 61.24.130(1).  (*See* Mot. at 6; *see also id.* Ex. 2 ("Not. of Default & Foreclosure") at 4 (indicating that at least $190,642.46 would be due).)  Their representation is false, however, as the clerk has

received no deposit from the Coopers.[1]  Thus, the Coopers have not complied with RCW 61.24.130(1), and their false representation leads the court to conclude that they lack the ability to pay the requisite sums.   Moreover, the Coopers' false representation and failure to comply with RCW 61.24.130(1) are fatal to their motion for a temporary restraining order because, as the Washington Supreme Court has made clear, the DTA provides the only means by which one can seek to enjoin a trustee's sale.  *See Cox*, 693 P.2d at 686.

### III.  CONCLUSION

For the foregoing reasons, the court DENIES the Coopers' second motion for a temporary restraining order (Dkt. # 4).

Dated this 21st day of January, 2015.

*[signature]*

JAMES L. ROBART
United States District Judge

---

[1] In fact, the clerk could not accept a deposit from the Coopers without a court order authorizing it to do so.  That circumstance has no effect on the court's analysis, however, because the Coopers have not attempted to deposit any funds with the clerk, and their statement remains a misrepresentation.  (*See* Mot. at 6 ("[Plaintiffs] have complied with the DTA by depositing the sums required under RCW 61.24.130(1).").)